IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH MICHELE BRANHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.:_____ |
| | ) |
| GANNETT SATELLITE INFO. | ) COLLECTIVE ACTION COMPLAINT |
| NETWORK, INC , d/b/a, | ) FOR VIOLATIONS OF THE FAIR |
| THE DICKSON HERALD GROUP | ) LABOR STANDARDS ACT OF 1938 |
| A PRODUCT OF THE TENNESSEAN, | ) |
| and TRACY BUHLER, individually, | ) |
| | ) |
| Defendants. | ) |

## COLLECTIVE ACTION COMPLAINT

Comes now Representative Plaintiff Deborah Michele Branham, by and through her undersigned counsel, and files this Collective Action Complaint on behalf of herself and all others similarly-situated (hereinafter "Plaintiffs") against Gannett Satellite Info. Network, Inc., d/b/a The Dickson Herald Group, a product of the Tennessean (hereinafter "Defendants"), and Tracy Buhler, individually, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against Defendants for legal relief to redress unlawful violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§ 201, et seq., and specifically the collective action provision of the Act found at § 216(b), to remedy violations of the wage provisions of the FLSA by Defendants which have deprived the named Plaintiff, as well as others similarly-situated to the named Plaintiff, of their

318284

lawful wages. The suit is brought on behalf of the named Plaintiff and all others similarly situated, pursuant to § 216(b) of the FLSA.

2. Other current and former employees of Defendants are also entitled to receive their proper hourly unpaid wages and/or overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted by statute to maintain this action "for and on behalf of herself and other employees similarly situated." 29 U.S.C. § 216(b).

3. This action is brought to recover unpaid hourly and overtime compensation owed to the Plaintiff and all current and former employees of Defendants who are similarly-situated to the Plaintiff, pursuant to the FLSA.

4. During the three-year period prior to the filing of this Complaint, Defendants committed violations of the FLSA by failing to pay their non-exempt employees who worked for the Dickson Herald Group, including Plaintiff, proper overtime pay for hours worked in excess of forty (40) hours per week.

5. Instead of rightfully paying Plaintiff and other similarly-situated employees one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) hours per week as required by law, Defendants required Plaintiff and other similarly-situated employees to "trade" hours of overtime for "comp time." Plaintiffs would be "allowed" to take off of work on an hour-for-hour basis, i.e. for every hour of overtime that Plaintiffs accrued, they would be allowed to take off one hour of work, for which they would get paid straight time or their regular hourly rate of pay. Often, however, Plaintiffs were not even given this "comp time" in lieu of overtime hours worked. For all of this uncompensated work, Plaintiff and all other similarly-situated employees should have been paid at the overtime rate of one-and-one-half times their regular rates of pay as required by law.

6. Plaintiff and all similarly-situated employees seek unpaid compensation, an equal amount of liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II. THE PARTIES

### A. THE REPRESENTATIVE PLAINTIFF

7. Plaintiff Deborah Michele Branham currently resides in Dickson, Tennessee and is a citizen of the United States.

8. During her employment with Defendants, Plaintiff engaged in numerous secretarial-type jobs, including answering phone calls, greeting customers, helping with mail, and manually imputing information via computer.

9. During her employment with Defendants, Plaintiff was a non-exempt employee who was paid an hourly rate of pay, and was entitled to overtime pay for all hours worked in excess of 40 in a week under the FLSA.

10. At all times material to this action, the named Plaintiff and all similarly-situated members of this collective action were "employees" of Defendants as defined by §203 of the FLSA, and worked for Defendants within the territory of the United States within the three-year period preceding the filing of this Complaint. These same individuals are further covered by § 207 (overtime provision) of the FLSA for the period during which they were employed by the Defendants.

### B. THE DEFENDANTS

11. The Dickson Herald, a product of the Tennessean, is a wholly-owned subsidiary of Gannett Satellite Info. Network Inc.

12. Gannett Satellite Info. Network Inc. is the parent company of The Dickson Herald

and is a publicly traded media holding company based in Fairfax County, Virginia. Gannett Satellite Info. Network Inc. is the largest U.S. newspaper publisher as measured by total daily circulation.

13. The Defendants are not a public agency or a governmental agency.

14. Upon information and belief, Defendants willfully failed to pay Plaintiff and all other similarly-situated employees their proper rates of pay for all hours worked.

15. At all times material to this action, Defendants have been enterprises engaged in commerce as defined by § 203(s)(1)(A) of the FLSA.

16. Defendants were an "employer" of the named Plaintiff, as defined by § 203 of the FLSA, as well as the employers of all other persons similarly situated to the named Plaintiff.

17. The overtime provisions set forth in § 207 of the FLSA govern the operations and activities of, and apply to, Defendants.

### III. JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); and 29 U.S.C. § 216(b) (FLSA).

19. Venue is proper in the Middle District of Tennessee under 28 U.S.C. 1391(b)-(c).

### IV. FACTS

20. Plaintiff worked for Defendants from July 26, 2005 until November 24, 2006.

21. While working for Defendants, Plaintiff worked as a receptionist/circulation clerk.

22. Plaintiff was responsible for all incoming calls, directing visitors into the Defendants' office building, picking up and distributing the mail, making bank deposits, inventory and ordering of office supplies, and maintenance for the various office equipment.

23. Plaintiff also assisted in the placement of newspaper ads and notices, including setting up accounts and receiving payments.

24. Plaintiff was responsible for circulation issues and often assisted at the sales counter. She worked on postal reports, proof of publications, consumer line ads and legal ads, archived newspapers issues, disposed of rack returns, and ran monthly reports and close-end statements.

25. Plaintiff was a non-exempt employee under the FLSA who would often work more than forty (40) hours in a given workweek.

26. While employed by the Defendants, Plaintiff's supervisor was Tracy Buhler. Ms. Buhler had the ability and control to dictate the Plaintiff's schedule and work hours.

27. Plaintiff would sometimes work from home with Ms. Buhler's permission.

28. Defendants and Ms. Buhler would sometimes allow Plaintiff to take off of work on an hour-for-hour "comp" basis.

29. Defendants and Ms. Buhler would also allow other employees to take off or work on an hour-for-hour "comp" basis.

30. Defendants did not pay Plaintiff at the overtime rate of one-and-one-half times her regular rate of pay for all hours worked over forty (40) hours per week.

## V. VIOLATIONS OF THE FLSA

31. Plaintiff worked for the Defendants within the three year period prior to the filling of this Complaint.

32. Defendants have intentionally and repeatedly engaged in a practice of improperly and unlawfully failing to pay their non-exempt employees overtime including, but not limited to,

the named Plaintiff and the collective group of similarly-situated hourly employees at the Dickson Herald in violation of the provisions of the FLSA and corresponding federal regulations.

33. Defendants have intentionally and repeatedly engaged in the practice of providing hour-for-hour "comp time" in lieu of overtime pay, depriving Plaintiffs of overtime pay due them.

34. Defendants also violated their duties as defined by the applicable federal regulations, by unlawfully accepting the benefits of their employees' work efforts and refusing to accord them proper and lawful compensation.

## VI. SCOPE OF DEFENDANTS' LIABILITY

35. Plaintiff brings this action on behalf of present and former employees who have been employed by the Defendants as non-exempt employees under the direction of Tracy Buhler. Plaintiffs have been improperly compensated in violation of the FLSA and would benefit from the issuance of a Court-Supervised Notice of the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. All current and former non-exempt hourly employees who worked for Defendants under Ms. Buhler at any time during the three years preceding September 4, 2006, through and including the date of this Court's issuance of Court-Supervised Notice, have been subjected to the violations of the FLSA as noted above.

36. During all times material to this action, Defendants exercised operational control over the activities and operations of the Dickson Herald, including control over all hourly and/or non-exempt employees who worked in or out of the Dickson Herald.

37. In particular, Defendants controlled the work of the named Plaintiff and all similarly-situated employees, and oversaw and controlled the payroll, compensation and wages

of the named Plaintiff and all similarly-situated employees who worked for Defendants.

38. Defendant Buhler acted "directly or indirectly in the interest of an employer in relation to" the named Plaintiff and similarly-situated employees within the meaning of § 203(d) of the FLSA, and is thus individually and personally liable for the unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees, and all other relief sought herein.

## VII. COUNT ONE

39. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-38 herein. By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

40. Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by preventing or endeavoring to prevent the proper compensation of Plaintiff and other present and former, similarly-situated employees in accordance with § 207 of the FLSA.

41. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all others similarly situated, have suffered damages by failing to receive their lawful overtime wages in accordance with § 207 of the FLSA.

42. Upon information and belief, Defendants and/or their representatives were informed about the issue of failing to pay overtime yet refused to change their policy and/or procedures.

43. Upon information and belief, Defendants have made no good faith effort to comply with the FLSA with respect to their compensation of Plaintiff or other similarly-situated employees.

44. As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

## VIII. PRAYER FOR RELIEF

45. WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly-situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That, at the earliest possible time, she be allowed to give notice, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding September 4, 2009, up through and including the date of this Court's issuance of court-supervised notice, been similarly-situated to the employment of Plaintiff. Such notice should inform them that this action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they have not been properly paid one-and-one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours in a workweek, pursuant to 29 U.S.C. § 216(b);

B. That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment interest;

C. Reasonable attorneys' fees;

D. The costs and expenses of this action; and

E.   Such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

DICKINSON WRIGHT PLLC

By: s/Robert C. Bigelow
    M. Reid Estes, Jr., #9043
    Robert C. Bigelow, #22022
    424 Church Street, Suite 1401
    Nashville, Tennessee 37219
    (615) 244-6538

NASHVILLE 318284